**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **for the use and benefit of PHOENIX** | : | |
| **RESOURCES, INC.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **No. 5:13-CV-4 (CAR)** |
| **BILMAR ENVIRONMENTAL, INC.;** | : | |
| **BILMAR CORPORATION; STANLEY** | : | |
| **M. MURRAY; and THE GREAT** | : | |
| **AMERICAN INSURANCE** | : | |
| **COMPANY,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

**ORDER ON PLAINTIFF'S MOTION TO AMEND AND**
**DEFENDANT'S MOTION TO DISMISS**

Before the Court is Plaintiff United States of American for the use and benefit of

Phoenix Resources, Inc.'s Motion for Leave to Amend Complaint [Doc. 20] and

Defendant Stanley M. Murray's Motion to Dismiss [Doc. 10].  Having considered the

relevant facts, applicable law, and the parties' arguments, Plaintiff's Motion for Leave to

Amend [Doc. 20] and Defendant's Motion to Dismiss [Doc. 10] are **GRANTED in part**

and **DENIED in part.**

## BACKGROUND

This action arises from a Warner Robins Air Force Base construction project (the "Project") in which Rycars Construction, LLC ("Rycars") was the prime general contractor.[1]   As required under its contract with the United States Air Force, Rycars furnished and Defendant Great American Insurance Company ("Great American"), as surety, issued a contract payment bond ("Rycars Bond") that named Rycars as its principal and the United States as its obligee.[2]

Rycars, as prime general contractor, subsequently contracted with BilMar Corporation and BilMar Environmental (collectively "BilMar") and Pierre Construction Group, Inc. ("Pierre"), who in turn both subcontracted with Plaintiff, a specialty contractor that provided trained personnel and certified payroll services for asbestos remediation labor and other services.[3]   In sum, Rycars entered into three separate contracts: (1) with Pierre who subcontracted with BilMar who sub-subcontracted with Plaintiff; (2) with BilMar who subcontracted with Plaintiff; and (3) with Pierre who subcontracted with Plaintiff.[4]

From August of 2011 until March 3, 2013, Plaintiff provided its services and labor on the Project as required by BilMar, Pierre, and Rycars.[5]   Despite Plaintiff's continued

---

[1] Compl. ¶ 14 [Doc. 1 at 4]; Am. Compl. ¶ 20 [Doc. 18-1 at 5].
[2] Compl. ¶ 70 [Doc. 1 at 13]; Am. Compl. ¶ 123 [Doc. 18-1 at 27].
[3] Compl. ¶ 22 [Doc. 1 at 5]; Am. Compl. ¶ 32 [Doc. 18-1 at 8].
[4] Compl. ¶¶ 20-22 [Doc. 1 at 5]; Am. Compl. ¶¶ 28- 30 [Doc. 18-1 at 6-8].
[5] Compl. ¶ 30 [Doc. 1 at 7]; Am. Compl. ¶¶ 31, 39 [Doc. 18-1 at 8, 9].

work on the Project, BilMar failed to pay Plaintiff.[6]   Plaintiff informed Defendant Stanley Murray, BilMar's Chief Operating Officer, of this fact numerous times and was assured that it would receive payment.[7]   Plaintiff continued working for BilMar on the Project, but was ultimately never fully paid.[8]

On March 7, 2012, and April 12, 2012, Murray, on behalf of BilMar, executed and sent Lien Releases to Rycars and Pierre that attested that BilMar had paid Plaintiff in full for its services and labor rendered, despite Murray's knowledge to the contrary.[9] As a result, Rycar and Pierre continued to pay BilMar for Plaintiff's work, although BilMar never paid Plaintiff.[10]   In total, BilMar owes Plaintiff $141,557.94.[11]

On January 7, 2013, Plaintiff filed the instant lawsuit against BilMar, Murray, and Great American alleging the following claims: breach of contract against BilMar; false swearing and fraud against Murray; and breach of payment bond obligation against Great American as surety for Rycars Bond.  On February 21, 2013, and March 29, 2013, respectively, Great American and BilMar filed their answers.   Defendant Murray, however, did not file an answer and instead filed the instant Motion to Dismiss, arguing that Plaintiff's fraud and false swearing claims fail as a matter of law.

Amended Complaint

---

[6] Compl. ¶ 34 [Doc. 1 at 7]; Am. Compl. ¶43 [Doc. 18-1 at 10].
[7] Compl. ¶ 24 [Doc. 1 at 6]; Am. Compl. ¶¶ 33, 58-59 [Doc. 18-1 at 9, 13].
[8] Am. Compl. ¶ 64 [Doc. 18-1 at 14].
[9] Compl. ¶¶ 37, 38, 40, 41 [Doc. 1 at 7-8]; Am. Compl. ¶¶ 54, 55, 57, 59 [Doc. 18-1 at 12-13]; Form of Partial Release of Claims and Liens ("Lien Releases"), Compl. Ex. C [Doc. 1 at 27].
[10] Compl. ¶¶ 34, 42 [Doc. 1 at 7, 8]; Am. Compl. ¶¶ 62 [Doc. 18-1 at 13-14].
[11] Compl. ¶ 49 [Doc. 1 at 9]; Am. Compl. ¶ 74 [Doc. 18-1 at 16].

After Murray filed his Motion to Dismiss, Plaintiff filed a Motion for Leave to Amend Complaint [Doc. 20], seeking to add various allegations, several new claims, and three new defendants.  As to the original Defendants, Plaintiff adds more particular factual allegations regarding Defendants Murray and BilMar's actions[12]; false swearing and fraud claims against BilMar under a theory of joint and several liability in addition to these claims already asserted against Murray (Count 2)[13]; and a claim under Georgia's Racketeer Influenced and Corrupt Organizations Act ("Georgia RICO"), O.C.G.A. § 16-14-1 et seq., (Count 3), against BilMar and Murray, alleging that they knowingly and intentionally devised and participated in a scheme to defraud Plaintiff by submitting false Lien Releases.[14]

In addition to adding claims against the original Defendants, Plaintiff also seeks to add Pierre, American Safety Casualty Insurance Company ("American Safety"), and Rycars as party Defendants.  As to Pierre, Plaintiff now seeks a claim for breach of contract due to Pierre's alleged failure to pay Plaintiff for its labor and materials under the contract (Count 4).[15]  Plaintiff also asserts a breach of payment bond obligation against Pierre and American Safety based on its allegations that Pierre furnished and

---

[12] Am. Compl. ¶¶ 58-64, 87-91 [Doc. 18-1 at 13-14, 19-20].

[13] *Id.* at ¶¶ 83-94 [Doc. 18-1 at 18-20].  Plaintiff does not substantively amend its breach of contract claim against BilMar (Count 1).

[14] *Id.* at ¶¶ 95-105 [Doc. 18-1 at 21-23].

[15] *Id.* at ¶¶ 44, 144-161 [Doc. 18-1 at 10, 32-33].

American Safety, as surety, issued a contract payment bond ("Pierre Bond") that named Pierre as principal and Rycars as oblige (Count 6).[16]

As to Rycars, Plaintiff seeks to add it as a defendant to its existing claim against American Safety for breach of payment of bond obligation under the theory of joint and several liability (Count 5).[17]  Plaintiff also alleges that Rycars forced Pierre to terminate Plaintiff from the Project on March, 3, 2013, in retaliation for filing the instant lawsuit against American Safety for the Rycars Bond.[18]  Plaintiff asserts that Rycars attempted to intimidate, threaten, and coerce Plaintiff to either dismiss the instant action or its claim for payment under the Rycars Bond or face termination from the Project.[19]  As a result of Plaintiff's refusal to do so, Plaintiff alleges that Rycars forced Pierre to remove Plaintiff from the Project.[20]  Plaintiff seeks relief against Rycars for damages, including attorney's fees, punitive damages, and loss of future projects as a result of Rycars actions (Count 7).[21]

---

[16] *Id.* at ¶¶ 106-122 [Doc. 18-1 at 23-27].

[17] *Id.* at ¶¶ 122-143 [Doc. 18-1 at 27-32].

[18] *Id.* at ¶¶ 47, 48 [Doc. 18-1 at 10-11].

[19] *Id.* at ¶ 50 [Doc. 18-1 at 11].

[20] *Id.* at ¶ 51 [Doc. 18-1 at 11].

[21] *Id.* at ¶¶ 163-167 [Doc. 18-1 at 36].  The Amended Complaint mislabels the claim for relief against Rycars as Count 6.  To avoid confusion, the Court refers to this Count as Count 7.

## DISCUSSION

### Motion to Amend Complaint

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its pleading "once as a matter of course" when no responsive pleading has been served.[22] For the purposes of this rule, a motion to dismiss is not considered a responsive pleading.[23]  If, however, a responsive pleading has been served and the adverse parties do not consent to the amendment, a party may amend its pleading only by leave of court.[24]  In such circumstances, leave of court should be "freely give[n] when justice so requires."[25]

Substantial reasons justifying a denial of a timely filed motion for leave to amend include "undue delay, bad faith, dilatory motive on the part of the movant, [ ] undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of allowance of the amendment."[26]  The decision whether to grant leave to amend a complaint is within the sound discretion of the district court,[27] and "[o]rdinarily, a party

---

[22] Fed. R. Civ. P. 15(a).

[23] *Fortner v. Thomas*, 983 F.2d 1024, 1032 (11th Cir. 1993); *see also Taylor v. Greene*, 374 F. App'x 949, 950 (11th Cir. 2010); *Williams v. Bd. of Regents of  Univ. Sys. of Ga.*, 477 F.3d 1282, 1292 n.6 (11th Cir. 1997) ("When the plaintiff has the right to file an amended complaint as a matter of course … the plain language of Rule 15(a) shows that the [district] court lacks the discretion to reject the amended complaint based on its alleged futility.").

[24] Fed. R. Civ. P. 15(a).

[25] *Id.*; *Nat'l Indep. Theatre Exhibitors, Inc. v. Charter Fin. Gp., Inc.*, 747 F.2d 1396, 1404 (11th Cir. 1984).

[26] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[27] *Nat'l Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 249 (11th Cir. 1982).

must be given at least one opportunity to amend before the district court dismisses the complaint."[28]

In this case, Plaintiff seeks leave to amend its Complaint to add various allegations, several new claims, and three new defendants.  Defendant Murray has filed a brief in opposition to Plaintiff's Amended Complaint, arguing that such an amendment is futile.  Unlike Defendants BilMar and Great American, however, Murray has failed to file a responsive pleading.  "If the case has more than one defendant, and not all have filed responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer."[29]  Clearly, then, Plaintiff has the right under Rule 15(a) to amend its Complaint once as a matter of course with regard to Murray, and Murray therefore cannot be heard to oppose it. While Defendants BilMar and Great American could be heard in opposition to the Motion for Leave to Amend, neither of them have objected, despite being given a full and fair opportunity to do so.

Moreover, having read and considered Plaintiff's Amended Complaint, it does not appear that any of the substantial reasons for denying the Motion to Amend exist with respect to Plaintiff's claim, with the exception of Plaintiff's fraud claim against BilMar.  As discussed below, the Court finds that, Plaintiff failed to plead this claim with particularity, and thus, the amendment is futile.  However, the court nevertheless

---

[28] *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).
[29] *See Williams*, 477 F.3d at 1291.

concludes that this failure can be cured by pleading the cause with more specificity, and therefore, the Court denies this amendment as to BilMar without prejudice.  With respect to the remaining amendments against the existing Defendants, the Court finds no reason that the amendment would be unduly prejudicial or that the remaining amendments are futile, and thus, justice so requires leave to amend.

Likewise, the Court concludes that justice so requires leave to amend with respect to Plaintiff's claims against Pierre, American Safety, and Rycars.  However, because Plaintiff also seeks to join several defendants, the Court must determine whether these additional parties are proper under Rule 20 of the Federal Rules of Civil Procedure.[30]

Rule 20 addresses the permissive joinder of parties.  The central purpose of this Rule is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits.[31]  Rule 20 imposes two requirements for joinder of defendants: (1) that "any right to relief is asserted … jointly, severally, or … aris[es] out of the same transaction, occurrence, or series of transactions or occurrences," and (2) that "any question of law or fact common to all defendants will arise in the action."[32]  When determining whether claims arise from the same transaction or occurrence, courts

---

[30] Plaintiff does not allege that Defendants Pierre, American Safety, or Rycars are necessary parties to this litigation, and thus Rule 20 governs whether joinder is proper.

[31] *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000).

[32] Fed. R. Civ. P. 20; *Alexander*, 207 F.3d at 1323.

8

apply the logical relationship test.[33]   Under this test, a logical relationship exists if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim.[34]

Here, Rycars is jointly and severally liable to Great American's obligation to pay the Rycars Bond.  Moreover, Plaintiff's claim for relief against Rycars for retaliation is logically related to the instant litigation.  Rycars's alleged response to Plaintiff's claim against Great American activated Plaintiff's instant clam against Rycars.  Additionally, Plaintiff's claims against Rycars arise from the same questions of law and fact: whether Plaintiff is entitled to payment.  Consequently, Plaintiff's claims (Counts 5 & 7) against Rycars support joinder of Rycars as a Defendant under Rule 20.

The Court, however, reaches a different conclusion with respect to Plaintiff's breach of contract and payment obligation claims against Pierre and American Safety (Counts 4 & 6).  Although these claims relate to the Project generally, they are, in short, premised on an entirely separate contractual agreement.  Moreover, these claims are unrelated to Plaintiff's claim for relief against Rycars for retaliation because Plaintiff's claims against Pierre and American Safety are premised on Pierre's failure to pay Plaintiff, not Pierre's decision to fire Plaintiff.   Consequently, Plaintiff's breach of

---

[33] *Republic Health Corp. v. Lifemark Hosp. of Fla.*, 755 F.2d 1453, 1455 (11th Cir. 1985); *see Alexander*, 207 F.3d at 1323 (looking to Rule 13(a) governing compulsory counterclaims).

[34] *Republic Health Corp.*, 755 F.2d at 1455 (citing *Plant v. Blazer Fin. Serv.*, 598 F.2d 1357, 1361 (5th Cir. 1979)).

contract claim against Pierre (Count 4) and breach of payment bond obligation against Pierre and American Safety (Count 6) do not support joinder under Rule 20.

Based on the foregoing, Plaintiff's Motion for Leave to Amend Complaint is **GRANTED in part** and **DENIED in part.** Plaintiff's Motion is **GRANTED** with respect to those amendments against existing Defendants and against Rycars, with the exception of Plaintiff's claim against BilMar for fraud (Count 2). Count 2 against BilMar is **DENIED without prejudice.** However, with respect to Plaintiff's allegations and claims against Pierre and American Safety (Counts 4 & 6), Plaintiff's Motion is **DENIED**.

## Motion to Dismiss[35]

On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by that party are accepted as true.[36] However, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[37] This "facial plausibility" test is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that that the defendant is liable for the misconduct alleged."[38] Simply put, "the factual allegations in a complaint must 'possess enough heft' to set forth 'a

---

[35] Because the Court grants Plaintiff's Motion for Leave to Amend Complaint, the Court considers Defendant's Motion to Dismiss in light of Plaintiff's Amended Complaint.

[36] *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986).

[37] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (adopting the *Iqbal* pleading standards).

[38] *Iqbal*, 556 U.S. at 678.

plausible entitlement to relief.'"[39]   If a complaint contains mere "labels and conclusions"

or "formulaic recitations of the elements of a cause of action," it must be dismissed.[40]

When testing the sufficiency of a plaintiff's complaint, a court must limit its

consideration to the pleadings and any appropriate exhibits attached thereto.[41]

In the instant Motion, Murray contends that Plaintiff's fraud and false swearing

claims fail to state a claim for which relief may be granted.   The Court considers each of

these arguments in turn.

<u>Fraud</u>

Under Federal Rule of Civil Procedure 9(b), a plaintiff must allege "the

circumstances constituting fraud … with particularity."[42]

> Rule 9(b) is satisfied if the complaint sets forth "(1) precisely what
> statements were made in what documents or oral representations or what
> omissions were made, and (2) the time and place of each such statement
> and the person responsible for making (or, in the case of omissions, not
> making) same, and (3) the content of such statements and the manner in
> which they misled the plaintiff, and (4) what the defendants obtained as a
> consequence of the fraud."[43]

---

[39] *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 557-59).

[40] *Twombly*, 550 U.S. at 555.

[41] *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

[42] Fed. R. Civ. P. 9(b).

[43] *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997)).

In other words, a plaintiff's allegations are sufficiently detailed when they allege "'the who, what, when[,] where, and how.'"[44]

To sustain a fraud claim in Georgia, a plaintiff must allege the following five elements: (1) a false representation by the defendant; (2) scienter; (3) intention to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff.[45]

In his Motion, Defendant Murray contends that the Lien Releases do not support Plaintiff's fraud claim because the documents were sent to a third party, not to Plaintiff.[46]   Consequently, Murray argues that Plaintiff could not have relied on a statement that it did not receive.  The Court agrees.

In *Steimer v. Northside Building Supply Co.*,[47] a builder and general contractor made false representations to an owner, and the plaintiff materialman was damaged as a result.[48]  Yet even though the plaintiff was injured by the false representations, the Georgia Court of Appeals held that there was no fraud because the only false

---

[44] *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006) (quoting *Gross v. Medaphis Corp.*, 977 F. Supp. 1463, 1470 (N.D. Ga. 1997)).

[45] *Dockens v. Runkle Consulting, Inc.*, 285 Ga. App. 896, 900 (2007).

[46] As alluded to in Defendant's Reply Brief, the remaining arguments raised by Defendant in its Motion are addressed by Plaintiff's Amended Complaint.  *See* Def.'s Reply Br. at 2-3 [Doc. 23]; Am. Compl. ¶ 91 [Doc. 18-1 at 19].

[47] 202 Ga. App. 843 (1992).

[48] *Id.* at 844.

representation was made to a third party by which the plaintiff was not misled.[49] Indeed, the plaintiff knew the representation was false and disputed it as soon as he became aware of it.[50]

The instant case presents a similar circumstance. Here, Murray made false representations to Rycars and Pierre that BilMar had paid Plaintiff, which consequently permitted Murray to continue to receive payment for Plaintiff's work. Although Plaintiff did not receive payment as a result of these statements and was thus injured, it, like the plaintiff in *Steimer*, was not misled by these statements. Accordingly, to the extent Plaintiff's fraud claim relies on the Lien Releases, Defendant's Motion is **GRANTED**.[51]

<u>False Swearing</u>

Plaintiff also alleges that Defendant committed false swearing by attesting in the Lien Releases that Plaintiff was paid in full for its work. Pursuant to O.C.G.A. § 16-10-71, false swearing occurs when "[a] person … who executes a document knowing that it purports to be an acknowledgement of a lawful oath or affirmation … in any matter or

---

[49] *Id.*; *see Maddox v. S. Eng'g Co.*, 216 Ga. App. 6, 6 (1994) (holding that although plaintiff relied on false misrepresentations, he was not misled by any false representation, and thus, his fraud claim must be dismissed).

[50] *Steimer*, 202 Ga. App. at 844.

[51] To the extent that Plaintiff's fraud claim in the Amended Complaint is premised on Murray's statements that BilMar would pay Plaintiff, the Court does not address this claim as it was not raised in the Motion itself.

thing other than a judicial proceeding ... knowingly and willfully makes a false statement."[52]

In its Motion, Murray argues that Plaintiff does not allege that his false statements were made knowingly and willfully, as required under the statute. Although Plaintiff's response disputes the necessity of such a pleading, Plaintiff nevertheless alleges in its Amended Complaint that Murray knowingly and willfully swore falsely and fraudulently on the Lien Releases.[53]   In its reply brief, Defendant contends that Plaintiff fails to adequately allege that he intended to inflict injury on Plaintiff.  The Court disagrees.

Plaintiff alleges that it informed Defendant Murray that it had not been paid for its services and labor and that Defendant Murray swore to Rycars and Pierre that Plaintiff had been fully paid for its work despite his knowledge otherwise and thus continued receiving payment for Plaintiff's work.  Plaintiff also alleges that Defendant Murray never intended to pay Plaintiff for its work.  Based on the allegations in the Amended Complaint, the Court finds that Plaintiff has sufficiently pleaded a claim for false swearing, and thus, Defendant's Motion with respect to this claim is **DENIED**.

## CONCLUSION

In sum, Plaintiff's Motion for Leave to Amend Complaint [Doc. 20] is **GRANTED in part** and **DENIED in part**.  Plaintiff's Motion to Amend is **GRANTED** in

---

[52] O.C.G.A. § 16-10-71; *see Peters v. Imperial Cabinet Co., Inc.*, 189 Ga. App. 337, 339 (1988).
[53] Am. Compl. ¶¶ 60-61 [Doc. 18-1 at 13].

its entirety with the exception of Plaintiff's claims against Pierre and American Safety (Counts 4 & 6) and Plaintiff's fraud claim against BilMar (Count 2).  With respect to Counts 4 and 6, Plaintiff's Motion is **DENIED**.  With respect to Count 2, Plaintiff's fraud claim against BilMar, Plaintiff's Motion is **DENIED without prejudice.**  Plaintiff is hereby **DIRECTED** to file the Amended Complaint and applicable attachments in accordance with this Order, as a separate document on the docket within seven (7) days of the date of this Order.  Once filed, the Amended Complaint will supersede the original Complaint filed in this case.[54]

Defendant's Motion to Dismiss Plaintiff's Complaint [Doc. 10] is also **GRANTED in part** and **DENIED in part**.  Defendant's Motion is **GRANTED** with respect to Plaintiff's fraud claim against Defendant Murray premised on the Lien Releases, but is **DENIED** with respect to Plaintiff's false swearing claim against Defendant Murray.

**SO ORDERED,** this 21st day of June, 2013.

S/  C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH/ssh

---

[54] *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219-20 (11th Cir. 2007) (unless an amendment specifically refers to or adopts the earlier pleading, an amended complaint supersedes and replaces the original complaint).