IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| for the use and benefit of PHOENIX | : | |
| RESOURCES, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 5:13-CV-4 (CAR) |
| BILMAR ENVIRONMENTAL, INC.; | : | |
| BILMAR CORPORATION; STANLEY | : | |
| M. MURRAY; and THE GREAT | : | |
| AMERICAN INSURANCE | : | |
| COMPANY, | : | |
| | : | |
| Defendants. | : | |
| | : | |

ORDER VACATING IN PART
ORDER ON PLAINTIFF'S MOTION TO AMEND

The Court finds it must re-address Plaintiff United States of America for the use and benefit of Phoenix Resources, Inc.'s request to amend its complaint. In its prior Order [Doc. 30] granting in part and denying in part Plaintiff's Motion for Leave to Amend Complaint [Doc. 20], the Court did not weigh the futility of Plaintiff's amendments with respect to Defendant Stanley M. Murray. After further consideration, the Court's prior Order [Doc. 30] is hereby **VACATED in part** to reflect the Court's instant conclusion that Plaintiff failed to plead its fraud claim premised on

1

Defendant Murray's statements that BilMar would pay Plaintiff with particularity. Therefore, Plaintiff's Motion for Leave to Amend [Doc. 20] must be **DENIED** as to that claim.[1]

In the Court's prior Order, the Court allowed Plaintiff to assert this fraud claim based on a conclusion that Defendant Murray's objections could not be considered under Rule 15(a) because his motion to dismiss was not a responsive pleading. Upon further review, however, the Court finds that because Plaintiff filed its Motion to Amend more than 21 days after Defendant Murray filed his motion to dismiss, Plaintiff is not entitled to amend his complaint once as a matter of course under Rule 15(a)(1)(B) with respect to Defendant Murray.[2] Consequently, the Court must now consider Defendant Murray's brief in opposition to Plaintiff's Motion to Amend.

Having considered the Motion, the response thereto, and the relevant legal authority, the Court finds that Plaintiff fails to plead its amended fraud claim arising from Defendant Murray's statements that BilMar would pay Plaintiff with particularity.[3] In its amended complaint, Plaintiff fails to allege sufficient details regarding when, where, and how Defendant Murray told Plaintiff that it would receive

---

[1] For an in-depth background of this case, see the Court's prior Order [Doc. 30].

[2] Plaintiff received a 14-day extension to file his response to Defendant's motion to dismiss, but did not receive an extension to file his Motion to Amend. [Doc. 16]. Accordingly, Plaintiff's Motion to Amend was filed outside of the 21-day period in which to amend once as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(B).

[3] Fed. R. Civ. P. 9(b) (A plaintiff must allege "the circumstances constituting fraud … with particularity.")

2

payment for its work.[4]  Plaintiff's Motion with respect to this claim is therefore **DENIED**.  Plaintiff's remaining claims, however, may go forward.

Based on the foregoing, the Court's prior Order on Plaintiff's Motion to Amend is hereby **VACATED in part** to reflect the Court's instant conclusion that Plaintiff's Motion to Amend [Doc. 20] is **DENIED** with respect to Plaintiff's fraud claim premised on Defendant Murray's statements that Plaintiff would receive payment for its work. **All other provisions of the Order are to remain in effect as previously ordered.**

Plaintiff is hereby **DIRECTED** to re-file its Amended Complaint and applicable attachments in accordance with this Order as a separate document on the docket within seven (7) days of the date of this Order.  Once filed, the Amended Complaint will supersede the previously filed amended complaint and original complaint.[5]

**SO ORDERED,** this 2nd day of July, 2013.

S/  C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH/ssh

---

[4] A plaintiff's allegations are sufficiently detailed when they allege "'the who, what, when[,] where, and how.'"  *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006) (quoting *Gross v. Medaphis Corp.*, 977 F. Supp. 1463, 1470 (N.D. Ga. 1997)).

[5] S*ee Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219-20 (11th Cir. 2007) (unless an amendment specifically refers to or adopts the earlier pleading, an amended complaint supersedes and replaces the original complaint).